UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SEAN MCENDREE,

     Plaintiff,

  v.

RASH CURTIS & ASSOCIATES,

     Defendant.

No. 2:10-cv-01079-MCE-JFM

**ORDER**

----oo0oo----

Through the present action, Plaintiff Sean McEndree ("McEndree" or "Plaintiff") alleges that Defendant Rash Curtis & Associates ("Rash Curtis"), a debt collection agency, violated state and federal law by its actions in attempting to collect a $450.00 unpaid medical bill allegedly owed by Plaintiff. Plaintiff now moves to amend his Complaint to add new claims stemming from a collection call allegedly made by Rash Curtis on April 5, 2012, almost two years after the operative complaint in this matter was filed on May 2, 2010. Plaintiff further requests that the deadline for completing discovery in the instant case, which expired on May 19, 2011, be extended so as to permit discovery with respect to the events of April 5, 2012.

1

According to Plaintiff, by placing its April 5, 2012 collection call, Rash Curtis violated both the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ Code §§ 1788, et seq.  The FDCPA prohibits a debt collector from communicating with a consumer

> "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector, or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).  The Rosenthal Act similarly prohibits communications with a represented debtor.  Cal. Civ. Code § 1788.14(c).  Because Plaintiff had clearly been represented by his current counsel for nearly two years before Rash Curtis' April 5, 2012 collection call was made, Plaintiff argues that the call is actionable under both the FDCPA and the Rosenthal Act and requests permission to amend his complaint accordingly.

Although Plaintiff's Motion cites to Federal Rule of Civil Procedure 15(a) as constituting the standard upon which to measure his request to amend, that reliance is incorrect.  Once a district court has filed a pretrial scheduling order pursuant to Rule 16, as it has here on July 28, 2010, the standards set forth by Rule 16 control.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).   Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).

///

2

1    "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

Id. (citations omitted).

In the present case, Defendant does not appear to dispute Plaintiff's diligence in pursuing the requested amendment. The allegedly offending telephone call occurred on April 5, 2012, and Plaintiff filed his motion to amend less than a month later, on May 1, 2012, after his effort to obtain a stipulation permitting the amendment short of a motion failed.  Consequently, the requisite "due diligence" under a Rule 16(b) standard is met despite Plaintiff's failure to cite to that standard.

The only impediment to Plaintiff's motion identified by the defense rests with Rash Curtis' claims that the proposed amendment is futile and should be denied on that basis. Rash Curtis correctly points out that leave to amend may be denied on futility grounds where the amendment, if permitted, would be subject to a motion to dismiss.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

A futility challenge to a proposed amended complaint is therefore analyzed under a Federal Rule of Civil Procedure 12(b)(6) standard. Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). In order to survive a motion to dismiss on that standard, "a complaint must contain sufficient factual material, when accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rash Curtis advances two arguments in support of its futility argument. First, it argues that because Plaintiff did not actually speak to a Rash Curtis representative on April 5, 2012 (instead, according to Plaintiff, he just saw Rash Curtis' identifying information flash on the screen of his cell phone and did not actually answer the call), there was no actionable "communication" involving Rash Curtis and Plaintiff as required for liability under either the FDCPA or the Rosenthal Act. The Court finds that hypertechnical distinction utterly unpersuasive. Whether Plaintiff answered the call or not, under his version of events a call was placed to him by Rash Curtis and he recognized the caller as Rash Curtis when it registered on his cell phone. Viewing the allegations in the light most favorable to the non-moving party, as the Court must do here under the applicable Rule 12(b)(6) analysis, the Court cannot say as a matter of law that no communication ensued. Consequently Rash Curtis' futility claim on that basis must fail.

///

///

///

Rash Curtis' second argument is no more compelling.  Again, Rash Curtis advances a technical distinction between Plaintiff's representation as to the debt itself, and Plaintiff's representation with regard to Rash Curtis' allegedly wrongful conduct in attempting to collect the debt.  According to Rash Curtis, the communication at issue pertained to the underlying debt and therefore Plaintiff's representation in this lawsuit does not pertain to the debt, making the statutory proscriptions against contacting a represented debtor inapplicable.

This is nonsensical.  The FDCPA, for example, makes it clear that the term "debt" includes both the consumer obligations to pay "whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  Attempting to parse the FDCPA's scope between pre and post-judgment collection efforts therefore is unavailing.  Rash Curtis knew, or should have known, that Plaintiff was represented long before it made its alleged April 5, 2012 call.  To the extent Rash Curtis placed that call, as alleged by Plaintiff, at a point some two years after Plaintiff's counsel initiated this lawsuit, its conduct is without question potentially actionable.  Rash Curtis' futility argument therefore fails on that score as well.

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 23) is GRANTED.[1]

///
///

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 230(g).

1  Plaintiff may accordingly file a First Amended Complaint[2] not
2  later than ten (10) days after the date this Order is
3  electronically filed. Plaintiff's additional request for
4  additional discovery to explore the circumstances surrounding the
5  April 5, 2012, telephone call is, however, denied.  Plaintiff has
6  made no attempt to demonstrate just what additional discovery in
7  that regard would be necessary, and given the very limited nature
8  of the offending call, that need is questionable at best.
9     IT IS SO ORDERED.

Dated: July 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In filing a First Amended Complaint, Plaintiff is cautioned not to include claims that were dismissed by way of the Court's previously filed May 9, 2012, Memorandum and Order which granted, in part, Defendant's Motion for Summary Adjudication.